**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY ACEVEDO and RUBÈN TORRES | ) ) ) | |
| | ) | TRIAL BY JURY DEMANDED |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| FREEDMAN SEATING COMPANY | ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

## **JURISDICTION AND VENUE**

1.  This is a suit to recover back wages and liquidated damages.  Federal question jurisdiction is posited upon Title 28 U.S.C. 1331 and Title 29 U.S.C. 216(b), commonly known as the "Fair Labor Standards Act" (hereinafter "FLSA"), as amended, and acts prohibited there under.  To co-plaintiffs knowledge, other employees are aggrieved by the unlawful conduct alleged.

2.  The unlawful conduct and violations alleged occurred within this judicial district in the City of Chicago.  The court has supplemental jurisdiction over the claims under the Illinois Wage Payment and Collection Act claim, 820 ILCS 115/11(-c) and the Illinois Minimum Wage Law, 820 ILCS 105/1-15 (ILMWL), pursuant to the Judicial Improvements Act, 28 U.S.C. 1367(a)(1).

## STATEMENT OF CLAIMS

## COUNT I (ANTHONY ACEVEDO)

3.    Defendant owns and operates FREEDMAN SEATING COMPANY located in Chicago. The defendant is an "employer" of the plaintiff within the meaning of 29 U.S.C. 203(a) and (d), and the plaintiff is an employee within the meaning of the Act.

4.    Plaintiff, ANTHONY ACEVEDO, was employed by defendant as a fork lift operator in the shipping and receiving department between September 13, 2015 and January 13, 2018, at a regular hourly wage of $17.13. During the time employed, he worked between 50 and 70 hours, or more, in most work weeks for which he was wilfully not compensated wages at the rate of one and one-half times his regular rate of pay, in violation of 29 U.S.C. 207(a) and the ILMWL, 820 ILCS 105/4a. Plaintiff was paid for his regular rate, but not his overtime rate.  As a result thereof, there is now due him approximately 600 hours of unpaid minimum wages at the rate of $8.57, or $5,139.00 plus liquidated damages of approximately $5,139.00, in the sum of TEN THOUSAND TWO HUNDRED SEVENTY-EIGHT and 00/100 ($10,278.00), plus attorney's fees and costs of this suit.

## PRAYER FOR RELIEF

5.    WHEREFORE plaintiff, ANTHONY ACEVEDO, asks the court to enter judgment in his favor, and against the defendant, FREEDMAN SEATING COMP-ANY, for all unpaid back wages due, plus liquidated damages, amounting to TEN THOUSAND TWO HUNDRED SEVENTY-EIGHT and 00/100 ($10,278.00), plus attorney's fees and costs of the action due, as provided by 29 U.S.C. 216(b); the Illinois

Minimum Wage law, 820 ILCS 105/12; and the Illinois Wage Payment and Collection Act, 820 ILCS 115/11(c).

## COUNT II (RUBÈN TORRES)

## JURISDICTION AND VENUE

6.   Defendant owns and operates FREEDMAN SEATING COMPANY located in Chicago. The defendant is an "employer" of the plaintiff within the meaning of 29 U.S.C. 203(a) and (d), and the plaintiff is an employee within the meaning of the Act.

7.   Plaintiff, RUBÈN TORRES, was employed for many years by defendant as a production supervisor in the shipping and receiving department between about September 13, 2015 and August 15, 2017, at a regular hourly wage of about $21.45. During the time employed, he worked between 50 and 70 hours, or more, in most work weeks for which he was willfully not compensated wages at the rate of one and one-half times his regular rate of pay, in violation of 29 U.S.C. 207(a) and the ILMWL, 820 ILCS 105/4a. Plaintiff was paid at his regular rate, instead of the required overtime rate. As a result thereof, there is now due him approximately 2000 hours in unpaid minimum wages amounting to about $21,450.00 plus liquidated damages of approximately $21,450.00.

## PRAYER FOR RELIEF

8.   WHEREFORE plaintiff, ANTHONY ACEVEDO, asks the court to enter judgment in his favor, and against the defendant, FREEDMAN SEATING COMPANY, for all unpaid back wages due, plus liquidated damages, amounting to FORTY-TWO THOUSAND NINE HUNDRED AND NO DOLLARS ($42,900.00), plus attorney's fees and costs of the action due, as provided by 29 U.S.C. 216(b); the Illinois

3

Minimum Wage law, 820 ILCS 105/12; and the Illinois Wage Payment and Collection

Act, 820 ILCS 115/11(c).

s/Ernest T. Rossiello
ERNEST T. ROSSIELLO

Ernest T. Rossiello & Associates, P.C.
134 North LaSalle Street, Suite 1760
Chicago, Illinois 60602-1137
ETR@rossiello.com
(312) 346-8920

Attorney for Plaintiff

Dated:  September 13, 2018
        Chicago, Illinois